# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID SHU,
　　　　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　　　　Agency.

DOCKET NUMBER
SF-0353-15-0515-I-1

DATE: December 2, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Shu, Santa Maria, California, pro se.

Jeremy M. Watson, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his challenge to the agency's removal action for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant initially worked for the agency as a Part-Time Flexible Letter Carrier, beginning in March 2002. *See Shu v. U.S. Postal Service*, MSPB Docket No. SF-0353-11-0065-B-1, Initial Appeal File (0065 IAF), Tab 41, Initial Decision (0065 ID) at 2. He suffered a compensable injury in September 2003, after which he was absent from work, and the agency removed him for irregular attendance/absence without leave in December 2003. *Id*. at 2, 7. He requested reinstatement in March 2009 and returned to duty as a Full‑Time Letter Carrier in November 2010. *Id*. at 6-7.

¶3    In a prior Board appeal, the appellant challenged the agency's decision to place him on emergency leave without pay, effective September 27, 2013, for failing to report a motor vehicle accident that occurred a week earlier. *Shu v. U.S. Postal Service*, MSPB Docket No. SF-0752-14-0011-I-1, Initial Appeal File (0011 IAF), Tab 1. Among other things, the appellant suggested that the action was related to his 2010 restoration. *E.g.*, *id*. at 5. The administrative judge dismissed that appeal for lack of jurisdiction. 0011 IAF, Tab 32, Initial Decision (0011 ID). The administrative judge found that, to the extent the case could be construed as a chapter 75 appeal of an indefinite suspension, the appellant had failed to nonfrivolously allege that he had chapter 75 Board appeal rights. *Id*.

at 6. He also found that, to the extent the appeal could be construed as a restoration claim, the appellant had failed to nonfrivolously allege that he was denied restoration. *Id*. at 8. The Board affirmed that decision on review. *Shu v. U.S. Postal Service*, MSPB Docket No. SF-0752-14-0011-I-1, Petition for Review (0011 PFR) File, Tab 6, Final Order (0011 FO) (Oct. 23, 2014).

¶4    In this case, the appellant challenged the agency's November 2013 decision to remove him for unacceptable conduct and failure to report a motor vehicle accident. *See Shu v. U.S. Postal Service*, MSPB Docket No. SF‑0353‑15‑0515-I-1, Initial Appeal File (0515 IAF), Tab 1 at 4-11, Tab 10 at 54-68. He again suggested that the action was related to his 2010 restoration. *E.g.*, 0515 IAF, Tab 1 at 4-11. The administrative judge similarly dismissed this appeal for lack of jurisdiction.[2]    0515 IAF, Tab 26, Initial Decision (0515 ID). The appellant has filed a petition for review. *Shu v. U.S. Postal Service*, MSPB Docket No. SF-0353-15-0515-I-1, Petition for Review (0515 PFR) File, Tab 6. The agency has filed a response and the appellant has replied. 0515 PFR File, Tabs 8-9.

The administrative judge correctly found that the Board lacks jurisdiction over this appeal as an adverse action appeal.

¶5    As discussed in the initial decision and in the dismissal of the appellant's indefinite suspension appeal, the Board's jurisdiction is not plenary. 0515 ID at 6-7; 0011 FO, ¶ 8. It is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant must prove by preponderant evidence that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i). For a U.S. Postal Service employee to appeal his removal or any other adverse action under 5 U.S.C. chapter 75, he must: (1) be a preference eligible, a management or supervisory employee, or an employee engaged in

---

[2] The appellant did not request a hearing. 0515 IAF, Tab 1 at 2.

personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. *See* 39 U.S.C. § 1005(a); 5 U.S.C. § 7511(a)(1)(B)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012).

¶6        In this case, it is undisputed that the appellant is not a preference eligible, supervisor, or manager, nor does he engage in personnel work in other than a purely nonconfidential clerical capacity.  Therefore, the appellant does not have the right to challenge his removal before the Board as an adverse action appeal under chapter 75.

The administrative judge correctly found that the Board lacks jurisdiction over this matter as a restoration claim.

¶7        Under the authority of 5 U.S.C. § 8151(b), the Office of Personnel Management issued regulations governing the restoration rights of employees after recovery from a compensable injury.  *See* 5 C.F.R. § 353.301.  The Board's jurisdiction in restoration cases is set forth at 5 C.F.R. § 353.304, which provides individuals the right to appeal to the Board an agency's failure to restore, improper restoration, or failure to return an employee following a leave of absence.

¶8        In addressing whether the Board has jurisdiction over this appeal as a restoration claim, the administrative judge noted that there is nothing in the record to indicate that the appellant was absent from duty or suffered a compensable injury following his return to duty on November 6, 2010.  0515 ID at 8-9 (referencing 0515 IAF, Tabs 1, 10).  He further found that the agency's removal action was based on an unreported motor vehicle accident in September 2013, a matter substantially unrelated to any compensable injury.  *Id*. at 9-10.  Therefore, the administrative judge concluded that the appellant failed to nonfrivolously allege that the Board has jurisdiction over this appeal based on restoration rights.  *Id*.; *see* 5 C.F.R. § 353.108 (providing that "separation for

cause that is substantially unrelated to [a compensable injury] negates restoration rights").

¶9       On review, the appellant reiterates his claim that the 2013 removal action was part of an ongoing effort to circumvent his 2003 compensable injury and 2010 restoration. 0515 PFR File, Tab 6 at 7-9. This argument is essentially a mere disagreement with the administrative judge's finding that the Board does not have jurisdiction over this appeal based on the appellant's restoration rights, and it provides no basis for disturbing the initial decision. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (recognizing that a petitioner's mere disagreement with issues already raised and properly resolved by the administrative judge below does not establish a basis for review).

The appellant's remaining arguments are unavailing in this appeal.

¶10      The appellant's petition for review contains a number of other arguments that are unavailing. 0515 PFR File, Tab 6 at 9-33. For example, he asserts that the administrative judge committed errors relating to prior restoration appeals. *Id*. at 27-28. However, he failed to articulate how these purported errors relate to his jurisdictional burden in the instant appeal. The appellant also alleges that the agency failed to provide a complete appeal file and refused to respond to his discovery requests. *Id*. at 29. However, it appears that the appellant's requests sought information concerning only the merits of his removal. 0515 IAF, Tab 18 at 12-20. He has not shown that the agency or administrative judge improperly denied him materials relevant to his jurisdictional burden of proof. *See generally Russo v. Department of the Navy*, 85 M.S.P.R. 12, ¶ 8 (1999) (recognizing that an appellant is entitled to request the discovery of relevant materials to assist him in meeting the burden of establishing jurisdiction); *McGrath v. Department of the Army*, 83 M.S.P.R. 48, ¶ 7 (1999) (recognizing that relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence). The appellant next argues that the agency denied him due

process and fabricated evidence to frame him.  *E.g.*, 0515 PFR File, Tab 6 at 9-27.  He further asserts that he was provided poor representation in prior arbitration proceedings and the agency should have chosen a lesser penalty for his alleged misconduct.  *Id.* at 31-32.  However, in the absence of Board jurisdiction, we are unable to address such claims.  *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (finding that a decision on the merits would be a nullity in the absence of Board jurisdiction); *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments on review regarding the merits of an agency action were not relevant to whether the Board had jurisdiction over an appeal).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law and other sections of the United States

Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.